UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANTIAGO QUANT                                CIVIL ACTION

VERSUS                                        NO: 06-7535

STATE FARM FIRE AND CASUALTY                  SECTION: "J" (5)
CO.

**ORDER AND REASONS**

Before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction or in the Alternative Motion for Summary Judgment (Rec. Doc. 29). For the reasons stated below, the Government's Motion to Dismiss is **GRANTED**.

**Background**

Plaintiff, Santiago Quant, obtained flood insurance for a building located at 412 Jefferson Avenue in Metairie, Louisiana. The policy was in effect at the time Hurricane Katrina struck Southeast Louisiana. The policy was obtained directly from FEMA as a part of the National Flood Insurance Program. After the Hurricane, FEMA received a notice of loss and opened a claim file. FEMA assigned the claim for investigation, and inspected the property on October 26, 2005. The adjuster issued a report recommending payment in the amount of $102,883.23.

The Plaintiff was not happy with this amount, and asked his

own engineer to look at it.  The Plaintiff's engineer apparently recommended demolition for the property.  The Plaintiff then asked FEMA for an engineer's report.  FEMA's report was completed on August 10, 2006, and concluded that the building would not need to be demolished.

Prior to this report, Plaintiff signed a Proof of Loss provided to him by the NFIP, which stated that total payment should be $102,883.23.  FEMA then sent two checks to the Plaintiff, one for $101,013.29 which has never been cashed, and one for $3000, which has.  The larger check was sent as payment for structural loss to the property, while the smaller one was meant to be payment for the contents.  The Plaintiff has cashed the contents check, but not the structural check.  Plaintiff has not submitted an amended proof of loss.

## Discussion

FEMA moves for dismissal because the Plaintiff has not filed a proof of loss for an amount greater than the claim that he filled out.  Fifth Circuit case law is clear that the proof of loss requirement must be strictly enforced.  *See Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).  The Fifth Circuit has made it clear that in order to collect for damages related to flood insurance losses, a formal proof of loss must be filed.

The Fifth Circuit recently considered a similar case in

*Richardson v. American Bankers Insurance Co.*, 2008 WL 510518 (5th Cir. Feb. 27, 2008).  In *Richardson*, the Court considered the claim of a plaintiff who asserted that he was owed more than the amount that the flood insurer tendered to him.  However, because he had not filed a sworn proof of loss, the Fifth Circuit held that he could not recover the additional amounts.

Plaintiff asserts that he should not have to amend his proof of loss because he always told the adjuster that his losses were greater than the amount he received.  However, there is no case law and no authority for this Court to excuse the proof of loss requirement on this theory of substantial compliance.  *See Richardson*, 2008 WL 510518, at * 3; *Gowland*, 143 F.3d at 953-54.

While Plaintiff may have a point and feel that he was treated unfairly, nothing in the law or the facts warrants a waiver of proof of loss requirement in this case.  Accordingly,

**IT IS ORDERED** that the Government's Motion to Dismiss is **GRANTED.**

New Orleans, Louisiana this the 23rd day of April, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE